J-S04027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
ANTHONY ROBERTS :
:
Appellant : No. 694 EDA 2024

Appeal from the PCRA Order Entered February 5, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000069-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
ANTHONY ROBERTS :
:
Appellant : No. 695 EDA 2024

Appeal from the PCRA Order Entered February 5, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008257-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
ANTHONY ROBERTS :
:
Appellant : No. 696 EDA 2024

Appeal from the PCRA Order Entered February 5, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008888-2015

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA

```
                                       :
          v.                           :
                                       :
                                       :
                                       :
ANTHONY ROBERTS                        :
                                       :
          Appellant                    :    No. 697 EDA 2024
```

Appeal from the PCRA Order Entered February 5, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0006157-2014

```
COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :              PENNSYLVANIA
                                :
          v.                    :
                                :
                                :
                                :
ANTHONY ROBERTS                 :
                                :
          Appellant             :    No. 698 EDA 2024
```

Appeal from the PCRA Order Entered February 5, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0003939-2013

```
COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :              PENNSYLVANIA
                                :
                                :
          v.                    :
                                :
                                :
                                :
ANTHONY ROBERTS                 :
                                :
          Appellant             :    No. 699 EDA 2024
```

Appeal from the PCRA Order Entered February 5, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0001445-2013

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MAY 29, 2025**

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, Anthony Roberts, appeals from an order dismissing his petitions for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, at the above caption numbers. Since the parties agree that Appellant's direct appeal rights should be reinstated, we vacate the order of dismissal and remand for reinstatement of Appellant's right to file a direct appeal.

On December 31, 2019, Appellant pled guilty to robbery and drug charges in two of the above cases and was sentenced to an aggregate term of 10-20 years of imprisonment. In the other cases, the court found Appellant in violation of his probation and imposed concurrent terms of imprisonment. On January 10, 2020, Appellant filed a motion for reconsideration of sentence on all dockets. The court denied this motion. No direct appeal followed.

On June 9, 2021, Appellant filed a counseled petition under the PCRA seeking reinstatement of his direct appeal rights. On August 29, 2022, the court granted the petition and reinstated Appellant's appellate rights. Appellant, however, did not file a direct appeal. Instead, on March 28, 2023, he filed another counseled PCRA petition asserting that guilty plea counsel was ineffective. On February 5, 2024, the PCRA court denied this petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal:

1) Was PCRA counsel ineffective:

A. for failing to timely secure a witness certification from Appellant's mother, which resulted in the PCRA Court excluding her testimony. She would have testified she had

- 3 -

knowledge that Appellant believed he would receive a county sentence pursuant to plea-counsel's advice. Had she testified, there is a reasonable probability the PCRA petition would have been granted;

B. for not pursuing an appeal after Appellant's appellate rights were reinstated. Appellant asserts he was not adequately advised of the consequences of not pursuing a direct appeal;

2) Did the PCRA Court err in denying the PCRA petition as plea counsel was ineffective by erroneously advising Appellant—or otherwise leaving Appellant with the impression—that he would receive a county sentence if he pled guilty, thus unlawfully inducing the guilty pleas?

Appellant's brief at 7.

On appeal from an order in a post-conviction matter, "our standard of review requires us to consider whether the PCRA court's factual findings are supported by the record and free of legal error." *Commonwealth v. Thomas*, 323 A.3d 611, 620 (Pa. 2024). "A PCRA court's credibility determinations, when supported by the record, are binding on an appellate court but its legal conclusions are reviewed *de novo*." *Id.*

A PCRA petitioner has the burden to "plead and prove" ineffective assistance of counsel "by a preponderance of the evidence." 42 Pa.C.S.A. § 9543(a). "Counsel is presumed to be effective and it is a petitioner's burden to overcome this presumption by a preponderance of the evidence." *Thomas*, 323 A.3d at 620. "To succeed on a claim of ineffective assistance of counsel, a petitioner must establish three criteria: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his or her action or inaction; and (3) that petitioner was prejudiced as a result of the

complained-of action or inaction." *Id.* at 620-21. "The failure to satisfy any one of these criteria is fatal to the claim." *Id.* at 621. "To establish prejudice in the context of this standard, a petitioner must establish that there is a reasonable probability that the result of the proceeding would have been different but for the complained-of conduct." *Id.*

We find dispositive Appellant's claim that PCRA counsel was ineffective for failing to file a direct appeal after the court reinstated Appellant's appellate rights. The Commonwealth states in its brief that it does not oppose reinstatement of Appellant's direct appeal rights:

> Based on the Commonwealth's review of the record, it does not appear as though the PCRA court conducted a colloquy regarding [Appellant's] waiver of a direct appeal after he was first afforded reinstatement of his rights *nunc pro tunc*. In the absence of a record as to this issue, and in light of the *per se* standard of ineffectiveness for failing to file a direct appeal, the Commonwealth does not oppose the reinstatement of his direct appeal rights for a second time.

Commonwealth's Brief at 13. Based upon our review of the record and the fact the Commonwealth does not contest reinstatement of Appellant's direct appeal rights, we will remand this case to the PCRA court with leave for Appellant to file a direct appeal. In view of this remedy, it is not necessary to review the other issues raised by Appellant in this appeal.

Order dismissing PCRA petition reversed. Case remanded with instructions to reinstate Appellant's direct appeal rights. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/29/2025